UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JAMES GREGWARE, on
behalf of himself and all others
similarly situated,

    Plaintiff,

Case No.: 1:13-cv-24581-UU

v.

THE SCOTTS MIRACLE-GRO COMPANY
and THE SCOTTS COMPANY, LLC,

    Defendants.
_____/

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
BASED ON FORUM NON CONVENIENS, MOTION TO DISMISS COUNT ONE**

Plaintiff, James Gregware, on behalf of himself and all others similarly situated (hereinafter, "**Plaintiff**"), by and through the undersigned counsel, submits this opposition to Defendants' Motion to Dismiss Based on Forum Non Conveniens, Motion to Dismiss Count One (hereinafter, the "**Motion**") filed by The Scotts Miracle-Gro Company and The Scotts Company, LLC (hereinafter, "**Defendants**"). In opposition to the Motion, Plaintiff states:

**INTRODUCTION**

Plaintiff filed this Class Action to address Defendants' uniform deceptive practice of fraudulently misrepresenting to consumers that adhering to clean-up instructions included on the packaging of its Scotts Green Max Lawn Fertilizer Plus 5.17% Iron for Deep Greening Product (hereinafter, "**Green Max**" or "**the Product**") will prevent staining to the hard surfaces surrounding the lawn where the Product has been applied when, in fact, the Product causes rust-like stains regardless of the clean-up efforts undertaken by consumers. Plaintiff has properly pled class claims for Defendants' violations of the Florida Deceptive and Unfair Trade Practices Act,

1

§ 501.201, *et seq.*, Florida Statutes (hereinafter, "**FDUTPA**"), and for Defendants' breach of an express warranty. Defendants contend that, pursuant to the doctrine of *forum non conveniens,* this action should be tried in the Middle District of Florida.  Defendants also contend that Plaintiff has failed to satisfy the "actual damages" element of his FDUTPA claim. However, Defendants' arguments are falsely premised upon a misinterpretation and misapplication of the doctrine of *forum non conveniens,* and a misreading of the statutory definition of "actual damages" under FDUTPA. For the reasons set forth below, Plaintiff's class claims for violations of FDUTPA and breach of an express warranty are properly brought in the Southern District of Florida and state causes of action upon which relief can be granted.  Therefore, Defendants' Motion should be denied in its entirety.

## LEGAL STANDARD

When ruling on a motion to dismiss, the Court must accept all facts alleged as true, and the complaint must be construed in the light most favorable to the plaintiff. *Rosenthal Collins Group, LLC v. Moneytec, LLC,* Case No. 08-60992-CIV, 2010 WL 556382, at *1 (S.D. Fla. Feb. 11, 2010). Even after the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint need only state facts sufficient to raise the right to relief above a speculative level. *Gelfound v. Metlife Ins. Co. of Connecticut,* Case No. 13-80479-CIV, 2014 WL 584214, at *1 (S.D. Fla. Feb. 14, 2014). "The threshold is exceedingly low for a complaint to survive a motion to dismiss for failure to state a claim upon which relief can be granted." *AXA Equitable Life Insurance Co. v. Infinity Financial Group LLC, et al.*, 608 F.Supp.2d 1349, 1353 (S.D. Fla. 2009). This jurisdiction has made it clear that "a motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Gasper v. Louisiana Stadium*, 577 F.2d 897, 900 (5th Cir. 1978) (citing *Madison v.*

*Purdy*, 410 F.2d 99, 100 (5th Cir. 1969)). When evaluating a motion to dismiss, courts are "bound by the four corners of the complaint." *Fye v. Broadspire Servs., Inc.*, Case No. 07-CV-60903, 2007 WL 4557152, at *2 (S.D. Fla. Dec. 20, 2007).

## ARGUMENT

### I.  The Doctrine of *Forum Non Conveniens* Is Inapplicable.

Defendants request that this Court dismiss Plaintiff's Complaint pursuant to the doctrine of *forum non conveniens*. (Doc. 7, p. 1). However, the U.S. Supreme Court has unambiguously held that a district court's transfer of venue function under the *forum non conveniens* doctrine has been superseded by Section 1404(a) of Title 28 of the United States Code. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981) (finding "transfers between federal courts pursuant to § 1404(a)…are different than dismissals on the ground of *forum non conveniens*"). Critically, the U.S. Supreme Court has further limited a district court's power to dismiss actions for damages under the common law doctrine of *forum non conveniens* to **"cases where the alternative forum is abroad."** *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 722 (1996) (citing *American Dredging Co. v. Miller*, 510 U.S. 443, 449, n. 2 (1994) (emphasis added)). As a result, in the Eleventh Circuit it has been determined that motions to transfer venue between federal courts based on *forum non conveniens* do not warrant dismissal. *Esfeld v. Costa Crociere, S.P.A.*, 289 F.3d 1300, 1313, n. 17 (11th Cir. 2002). Rather, district courts have been instructed to interpret any motion to dismiss based on *forum non conveniens*, as a motion to transfer venue under § 1404 when the "alternative forum…is within the borders of the United States." *Surgical Outcome Support, Inc. v. Plus Consulting, LLC*, Case No. 08-80495-CIV, 2008 WL 2950151, at *2 (S.D. Fla. July 31, 2008); *Klayman v. Judicial Watch Inc.*, Case No. 13-20610-CIV, 2013 WL 4780139, at *13 (S.D. Fla. Sept. 5, 2013); *Esfeld,* 289 F.3d at 1313, n. 17 (holding "[i]f there

3

is another more convenient forum in the United States then the remedy is to transfer the cause under 28 U.S.C. § 1404, rather than dismiss for forum non conveniens"). Because Defendants' Motion is properly construed as a Motion to Transfer Venue, Plaintiff will address Defendants' *forum non conveniens* argument in the context of a motion to transfer under 28 U.S.C § 1404(a).

    **II.**    **Convenience and the Interest of Justice Do Not Require a Transfer of Venue Under 28 U.S.C. § 1404(a).**

Section 1404(a) of Title 28 of the United States Code provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." The proponent of a motion to transfer of venue bears the burden of demonstrating entitlement. *Intellectual Ventures I, LLC, v Motorola Mobility, LLC*, Case No. 13-61358-CIV, 2014 WL 129279, at *1 (S.D. Fla. Jan. 14, 2014) (citing *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989)); *Omega Patents, LLC v. Lear Corp.*, Case No. 6:07-cv-1422-Orl-35DAB, 2009 WL 1513392, at *2 (M.D. May 27, 2009) (holding that the burden is on "the moving party to prove that this case should be transferred"); *see also, Klayman,* 2013 WL 4780139, at *6. Specifically, the movant must show "the balance of convenience is strongly in favor of the transfer," as a transfer between district courts "should not be liberally given." *H.E.R.O. Inc., v. Self*, Case No. 12-60038-Civ, 2012 WL 1802431, at *8 (S.D. Fla. May 17, 2012); *Surgical Outcome Support, Inc.,* 2008 WL 2950151, at *3. Further, a mere assertion that Plaintiff's choice of forum is "inconvenient" is not enough to satisfy this burden. *Intellectual Ventures I, LLC*, 2014 WL 129279, at *3.

Although district courts are to be given broad discretion in deciding whether to transfer venue under § 1404(a), the Eleventh Circuit has articulated a policy of being restrictive in transferring actions, stating that a "plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Carl v. Republic Sec. Bank*, Case No.

018981CIVHURLEY, 2002 WL 32167730, at *5 (S.D. Fla. January 22, 2002) (quoting *Robinson v. Giamarco & Bill, P. C.,* 74 F.3d 253, 260 (11th Cir. 1996)); *Surgical Outcome Support, Inc.,* 2008 WL 2950151, at *2; *S.E.C. v. BIH Corp.*, Case No. 2-10-cv-577-FtM-29DNF, 2011 WL 3862530, at *2 (M.D. Aug. 31, 2010). The Eleventh Circuit has further instructed courts to accord a plaintiff's choice of forum "considerable deference." *In re Ricoh Corp.*, 870 F.2d at 573; *see also*, *Klayman,* 2013 WL 4780139, at *6, 13 (holding a plaintiff's choice in forum is "to be accorded significant weight under the totality of the circumstance").

In order to determine whether a motion to transfer venue between district courts should be granted pursuant to § 1404(a), district courts in this jurisdiction have employed a two-step analysis. *Intellectual Ventures I, LLC*, 2014 WL 129279, at *1; *Klayman,* 2013 WL 4780139, at *6; *Surgical Outcome Support, Inc.,* 2008 WL 2950151, at *2-3; *see also*, *Securities Capital Holdings, Inc. v. Money Source, Inc*., Case No. 6:13-cv-1018-Orl-36KRS, 2013 WL 556071, at *3 (M.D. Fla. Oct. 8, 2013); *S.E.C.,* 2011 WL 3862530, at *2; *Omega Patents, LLC,* 2009 WL 1513392, at *2. This analysis includes: 1) whether "the action could have been brought in the venue to which transfer is sought;" and 2) whether "convenience and the interest of justice require transfer to the requested forum." *Id.*

Regarding step one, the Eleventh Circuit has held that, in the context of a motion to transfer, "**venue is proper in any division where a corporate defendant is incorporated, or is doing business, or is licensed to do business**." *England v. ITT Thompson Industries, Inc.*, 856 F.2d 1518, 1519 (11th Cir. 1988) (emphasis added). This longstanding principle has been

consistently upheld by Florida district courts. *Securities Capital Holdings, Inc.,* 2013 WL 556071, at *3; *Klayman,* 2013 WL 4780139, at *13; *see also,* 28 U.S.C.A. § 1391.[1]

Here, Plaintiff alleges that, while Defendants are headquartered outside of the State of Florida, both Defendants transact business throughout the State, with The Scotts Company Defendant specifically registered with the State of Florida as a foreign limited liability company. (Doc. 1, ¶¶3-4). Significantly, Defendants do not contest these allegations. (Doc. 7, p. 3). Instead, Defendants urge the Court to apply a three-part test to determine whether a transfer of venue is warranted, which includes an analysis of whether the Middle District of Florida is an "adequate alternative forum." (Doc. 7, p. 3). However, the applicable two-part test for determining whether a transfer of venue is appropriate requires the Court to assess "where a corporate defendant…is doing business," not whether an "alternative…forum" exists. (Doc. 7, p. 3); *see also, England,* 856 F.2d at 1519. Here, Defendants do not contest the allegations that they conduct business in the Southern District of Florida. Nor do Defendants suggest that they conduct more business in the Middle District than the Southern District of Florida. (Doc. 7, p. 3). Thus, it remains uncontested that Defendants conducted business in multiple districts throughout the State during the relevant time period identified in the Complaint, including within the Southern District. (Doc. 1, ¶¶3-4, 23) (Doc. 7, p. 3). As such, convenience and the interest of justice do not require transfer and venue is appropriate in the Southern District.

---

[1] 28 U.S.C. § 1391(b)(1) states that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." For purposes of 28 U.S.C. § 1391(c)(2), a corporation "reside[s]…in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." Further, if a state has more than one judicial district, "a corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C.§ 1391(d).

The Eleventh Circuit has established several factors to assist district courts in evaluating whether "convenience and the interest of justice require transfer" under § 1404(a), including: 1) the convenience of the witnesses; 2) the location of relevant documents and the relative ease of access to sources of proof; 3) the convenience of the parties; 4) the locus of operative facts; 5) the availability of process to compel the attendance of unwilling witnesses; 6) the relative means of the parties; 7) a forum's familiarity with the governing law; 8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n. 1 (11th Cir. 2005) (cited by *Intellectual Ventures I, LLC*, 2014 WL 129279, at *2, and *Klayman,* 2013 WL 4780139, at *6). These factors are to be weighed together, as no single factor is dispositive. *Manuel v. Convergys Corp.*, 430 F.3d at 1137. Further, the moving party is expected to come forward with actual evidentiary support for these factors, as "arguments based on speculation and suspicion, are not entitled to any weight." *Operating Systems Solutions, LLC v. Apple, Inc*., No. 8:11-cv-1754, slip op. at 5 (M.D. Fla. Jan. 30, 2011) (ECF No. 37). Additionally, "conclusory assertions" as to the merits of these factors are deemed to be insufficient to "clearly outweigh[h]…a plaintiff's choice of forum," as required by the Eleventh Circuit. *Del Monte Fresh Produce Co., v. Dole Food Co. Inc.*, 136 F.Supp.2d 1271, 1282 (S.D. Fla. 2001) (citing *Robinson,* 74 F.3d at 260); *see also H.E.R.O. Inc.,* 2012 WL 1802431, at *8 (holding "vague statements are insufficient to warrant transfer of venue").

Defendants cite various "private and public factors" that "pertain to the interest of the participants in the litigation" in support of their request to transfer venue. (Doc. 7, pp. 4-5). However, Defendants' argument is clearly moot under a motion to transfer venue analysis, pursuant to which, courts evaluate factors to determine whether "convenience and the interest of

justice" require a transfer, not whether factors "pertain to the interest of the participants in the litigation." *See Intellectual Ventures I, LLC*, 2014 WL 129279, at *1. And while some of the "public and private factors" Defendants cite may overlap with the factors properly considered when determining a motion to transfer venue, Defendants mistakenly claim that the Middle District's "central location" is a relevant factor to be considered in a class action. *See, Credit Bureau Services, Inc. v. Experian Information Solutions, Inc.*, Case No. 12–61360–CIV, 2012 WL 6102068, at *24-25 (S.D. Fla. Dec 7, 2012) (holding that in a class action, when "many…putative class members" and "operative facts" exist in several different districts, the fact that any one forum is centrally located is given no weight). In short, when evaluating the applicable and appropriate factors[2], "convenience and the interest of justice" clearly do not require this Court to transfer venue from the Southern District to the Middle District of Florida. *Manuel*, 430 F.3d at 1135 n. 1.

      a.   Weight Accorded to Plaintiff's Choice of Forum

Defendants suggest that, because Plaintiff is a resident of Orlando, this matter should be transferred to the Middle District. (Doc. 7, pp. 4-5).  However, Plaintiff's residence is not one of the "considerations" taken into account, as a "plaintiff's choice of forum should not be disturbed unless it is clearly outweighed." *Robinson,* 74 F.3d at 260; *see also, Carl,* 2002 WL 32167730, at *5 (holding that upon the consideration of a "myriad of factors," transfer was not warranted to the Middle District of Florida after plaintiff "oppose[d] transfer out of his chosen forum" of the Southern District of Florida, even when plaintiff was not a resident of his chosen forum);

---

[2] Defendants failed to address the fifth and seventh factors, pursuant to which courts are encouraged to consider: 5) the availability of process to compel the attendance of unwilling witnesses; and 7) the forum's familiarity with the governing law. As Plaintiff contends that neither factor impacts a decision regarding whether this case is properly brought in the Middle or Southern District, he will not address either factor herein. *See*, *Manuel*, 430 F.3d at 1135 n. 1.

*Intellectual Ventures I, LLC*, 2014 WL 129279, at *4 (holding "a non-resident plaintiff's choice of forum is… not to be discounted," but instead "viewed in conjunction with other factors weighing against the transfer").  Further, the U.S. Supreme Court has held that in a class action, "[w]here there are hundreds of potential plaintiffs, all equally entitled voluntarily to invest themselves with the corporation's cause of action and all of whom could with equal show of right go into their many home courts," the claim that any one forum "is appropriate merely because it is [Plaintiff's] home forum is considerably weakened." *See, Credit Bureau Services, Inc.*, 2012 WL 6102068, at *23 (quoting *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947)).  As a result, Plaintiff's selection of the Southern District of Florida as his forum of choice weighs heavily against transfer.

                b.   Convenience and Relative Means of the Parties

When a plaintiff chooses one forum over another, it is assumed that other forums are not convenient. *Klayman,* 2013 WL 4780139, at *13.  Further, whenever a defendant does business in a particular forum, it is "presumably" regarded as a convenient forum, and equal convenience between forums does not warrant transfer. *Klayman,* 2013 WL 4780139, at *13 (holding that when a defendant conducts business in a plaintiff's chosen forum, defendant's employees "can continue to travel [t]here should their testimony be required or requested," and plaintiff's suggested forum would therefore not inconvenience the defendant).  The fact that a defendant is able to be deposed in another forum and "will likely not be haled" into plaintiff's chosen district "with great frequency before trial" also weighs against a transfer. *H.E.R.O. Inc.,* 2012 WL 1802431, at *8.

Defendants assert that, because counsel for the parties are located in or near Orlando, the Middle District of Florida would be a more convenient venue for both parties. (Doc. 7, pp. 4-5).

9

Notwithstanding, it is well established that convenience and availability of either parties' counsel is to be given little or no weight when considering a transfer of venue.[3] *See Grail Semiconductor, Inc. v. Stern*, 2013 WL 2243961, *3 n.2 (S.D. Fla. 2013) (holding that the "convenience of counsel is generally not a relevant factor in deciding whether to transfer"); *Mitchell v. Secretary, Department of Corrections*, 2008 WL 2339811, *2 (S.D. Fla. 2008) (holding "the "location of counsel is entitled to the least consideration with regard to transfer determinations"); 15 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedures 3850, at 262 (1976).

Defendants also assert that, because unidentified witnesses at the subject store where the Product was purchased are all located in Orlando, the Middle District of Florida is a more convenient venue for both parties. (Doc. 7, pg. 4-5). As stated above, "vague statements of unknown or unnamed witnesses" are insufficient to prove that the convenience of the parties warrants transfer. *Del Monte Fresh Produce Co., v. Dole Food Co. Inc.*, 136 F.Supp.2d 1271, 1282 (S.D. Fla. 2001). Defendants' general reference to such witnesses does not rise to the requisite level of specificity to support transfer. As Plaintiff has evidence of his purchasing the Product, it is unlikely that any store employees would need to be interviewed or deposed in this matter as suggested by Defendants. Moreover, their proximity to Defendants' Counsel and Plaintiff's Counsel undermine Defendants' argument that their location is otherwise problematic. The fact that the witnesses reside outside Plaintiff's chosen forum is also insufficient to warrant transfer based on the parties' inconvenience. *Carl,* 2002 WL 32167730, at *6. This is especially true when a plaintiff is located in one forum, a defendant's principal place of business in is another, and the litigation is filed in a third. *Intellectual Ventures I, LLC*, 2014 WL 129279, at

---

[3] Notably, if the location of counsel was a significant factor for consideration, corporate defendants would make it their practice to retain counsel in the district they deem most advantageous and then petition for transfer. Here, Defendants chose to retain counsel located in the Middle District knowing that this case was filed in the Southern District.

*3. Instead, a party seeking transfer "must specify names of witnesses to be called to testify at trial," which Defendants have failed to do here. *Del Monte Fresh Produce Co.,* 136 F.Supp.2d at 1282.

Given that Plaintiff has chosen the Southern District of Florida, Defendants conduct business in this forum, and Defendants have failed to assert that either party lacks the means to litigate in the Southern District, the convenience and relative means of the parties clearly weigh against transfer.

### c. Convenience of the Witnesses, the Location of Relevant Documents, the Relative Ease of Access to Sources of Proof, and the Locus of Operative Facts

Similar to the convenience of the parties analysis above, "vague statements of unknown or unnamed witnesses" are also insufficient to prove convenience of the witnesses warrants transfer. *Del Monte Fresh Produce Co.,* 136 F.Supp.2d at 1282. Further, as long as "documents and hardware…can be easily transported and presented before a court" in a plaintiff's chosen forum, many districts are deemed to have "equal access to sources of proof," and a transfer of venue is not warranted. *Surgical Outcome Support, Inc.,* 2008 WL 2950151, at *4. This is true even when the locus of operative facts exists in another venue from where the case is filed. *Id.*

Many courts have found that in today's world, "because copy machines, electronic discovery, and emails make it much easier to obtain documents at a distance," the location of the relevant documents "is a non-issue" for purposes of a transfer of venue. *Marcus v. Am. Contract Bridge League*, 562 F.Supp.2d 360, 366 (D. Conn. 2008) (cited by *Singleton v. Dannie Gilder, Inc.*, Case No. 4:12–CV–01367 (CEJ), 2012 WL 5384879,* 2 (E.D. Mo. Nov. 1, 2012)); *see also, Virts v. Prudential Life Ins. Co. of America*, 950 F.Supp.2d 101, 107, Case No. 13–320(JDB), 2013 WL 2994872, at *2 (D.D.C. June 18, 2013) (holding that in the Internet age, "the location of documents has been made increasingly insignificant by the availability of

11

electronic discovery"); *Global Fitness Holdings, LLC v. Fed. Recovery Acceptance, Inc.,* Case No. 5:12–314, 2013 WL 1187009, at *4 (E.D. Ky. Mar. 20, 2013) (finding that the "advent of electronic discovery has reduced the importance of the actual location of documentary evidence"); *SBAV LP v. Porter Bancorp, Inc.*, Case No. 13 Civ. 372, 2013 WL 3467030, at *11 (S.D.N.Y. July 10, 2013) (finding that "given electronic discovery," access to and location of documents "does not materially favor either venue").

Courts have specifically determined that the physical location of documents does not create an inconvenience on witnesses or parties under a transfer of venue analysis. *Battenfeld Techs., Inc. v. Birchwood Labs., Inc.,* Case No. 2:11–cv–04099–NKL, 2011 WL 4088901, at *3 (W.D. Mo. Sept. 14, 2011) (holding "the presence of electronic discovery reduces the inconvenience for both parties"); *Kabat v. Bayer Cropscience LP*, Case No. 3:07-CV-555, 2008 WL 2156744, at *4 (E.D. Va. May 22, 2008) (holding "in the age of electronic discovery, the location of potentially relevant documents" has no impact "on the convenience of either party").

Despite the subject property and hypothetical documents and witnesses being located in Orlando, Defendants' failure to "specify names [of] witnesses to be called to testify at trial," coupled with the fact that witnesses and documents "can be easily transported and presented" before this Court, undermines any argument in favor of transfer. *Del Monte Fresh Produce Co.,* 136 F.Supp.2d at 1282; *see also, Surgical Outcome Support, Inc.,* 2008 WL 2950151, at *4; *Marcus*, 562 F. Supp. 2d at 366. Another factor undermining any argument in favor of transfer is the fact that Plaintiff anticipates seeking production of documents from Defendants and deposing one or more employees of Defendants. Plaintiff believes these documents and witnesses will be located outside the State of Florida, which will require an equal logistical

12

challenge to the parties, regardless of whether the case is pending in this Court or transferred to the Middle District of Florida.

### d. Trial Efficiency and the Interests of Justice

To satisfy this factor, Defendants must establish that "any purported gain in judicial efficiency will clearly outweigh Plaintiff['s] choice." *Intellectual Ventures I, LLC*, 2014 WL 129279, at *3 (holding that when "the parties would still have to engage in the same discovery efforts" regardless of the transfer and the chosen forum "would nonetheless have to adjudicate the parties' specific factual and legal claims," no efficiency is gained). Further, when trial efficiency and the interest of justice "are served equally" by both forums, a transfer of venue is not warranted. *Klayman,* 2013 WL 4780139, at *14.

Again, Defendants have only made vague assertions as to why the Middle District of Florida would be a superior venue "in the interest of justice." Further, the fact that Defendants may conduct discovery in the Middle District does not signify that Defendants will be "haled" into the Southern District of Florida "with great frequency before trial." *H.E.R.O. Inc.,* 2012 WL 1802431, at *8. As such, "any purported gain in judicial efficiency" in this case is minimal and clearly does not outweigh "Plaintiff'[s] choice." Thus, trial efficiency and the interests of justice should weigh against transfer. *Intellectual Ventures I, LLC*, 2014 WL 129279, at *3. In sum, when evaluating the above factors provided by the Eleventh Circuit, "convenience and the interest of justice" clearly do *not* require this Court to transfer venue from the Southern District to the Middle District of Florida under § 1404(a). *Manuel*, 430 F.3d at 1135 n. 1.

### III. Plaintiff Properly Pled a Maintainable Claim under FDUTPA.

FDUTPA allows any person aggrieved by a violation of the statute to bring a civil action for declaratory and injunctive relief and for damages in connection with the deceptive or unfair

13

acts or practices. § 501.211, Fla. Stat. (2011). Specifically, the Florida Legislature has mandated that FDUTPA "shall be construed liberally" to: (1) "simplify, clarify, and modernize the law governing consumer protection, unfair methods of competition, and unconscionable, deceptive, and unfair trade practices;" (2) "protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce;" and (3) "make state consumer protection and enforcement consistent with established policies of federal law relating to consumer protection." § 501.202, Fla. Stat. (2013).

A claim for damages under FDUTPA has three elements: "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Smith v. WM. Wrigley Jr. Company,* 663 F.Supp.2d 1336, 1339 (S.D. Fla. 2009) (quoting *City First Mortg. Corp. v. Barton*, 988 So.2d 82, 86 (Fla. 4th DCA 2008)); *Gavron v. Weather Shield Mfg., Inc.,* 819 F.Supp.2d 1297, 1301 (S.D. Fla. 2011*).*; § 501.211(2), Fla. Stat. (2011). Within his Complaint, Plaintiff satisfies each of these three elements. Specifically, Plaintiff alleges that: 1) Defendants engaged in a deceptive act or unfair practice by fraudulently misrepresenting to consumers that adhering to clean up instructions included on the packaging of its Product will prevent staining; 2) Defendants' Product caused rust-like stains, notwithstanding the clean-up efforts undertaken by Plaintiff and putative Class Members; and 3) Defendants' Product damaged Plaintiff and putative Class Members. (Doc. 1, ¶¶ 1, 8-12, 16-19, 35-44).

Defendants do not deny the allegations regarding the misrepresentations made to Plaintiff or the damage caused to Plaintiff by their Product. When a defendant "does not…dispute" that plaintiff was "aggrieved" by defendant's conduct, then the "aggrieved" injury requirement for FDUTPA declaratory relief is sufficiently pled. *Kelly v. Palmer, Reifler, & Assoc., P.A.,* 681

F.Supp.2d 1356, 1366 (S.D. Fla. 2010). Rather, Defendants' sole argument regarding Plaintiff's FDUTPA claim is that the *type* of damages sought by Plaintiff does not constitute "actual damages" under FDUTPA. This singular argument fails to address the declaratory and injunctive relief, which Plaintiff also seeks under FDUTPA. Significantly, a plaintiff is not required to establish "actual damages" in order to pursue declaratory and/or injunctive relief pursuant to § 501.211(1). FDUTPA "is broadly worded to authorize declaratory and injunctive relief even if those remedies might not benefit the individual consumers who filed the suit." *Galstaldi v. Sunvest Communities USA, LLC*, 637 F.Supp.2d 1045, 1057 (S.D. Fla. 2009) (citing *Davis v. Powertel, Inc.*, 776 So.2d 971, 975 (Fla. 1st DCA 2000) (holding declaratory relief under FDUTPA is designed broadly "to protect not only the rights of the litigants but also the rights of the consuming public at large")).

Declaratory and injunctive relief only requires that Plaintiff establish he was "aggrieved" by Defendants' deceptive conduct "regardless of whether an adequate remedy at law also exists." *Galstaldi*, 637 F.Supp.2d at 1057; *see also*, Fla. Stat. § 501.211(1); *Kertesz v. Net Transactions, Ltd.*, 635 F.Supp.2d 1339, 1348 (S.D. Fla. 2009); *Klinger v. Weekly World News, Inc.,* 747 F.Supp. 1477, 1480 (S.D. Fla. 1990)); *Careerfairs.com v. United Business Media*, LLC, 838 F. Supp.2d 1316, 1324 (S.D. Fla. 2011). In satisfaction of this requirement, Plaintiff adequately pled that Defendants engaged in a deceptive act or practice by making certain misrepresentations on the Product packaging regarding clean-up instructions and stain prevention, and that, despite following Defendants' instructions, Plaintiff and putative Class Members were aggrieved and suffered damages. (Doc. 1, ¶¶ 1, 8-12, 16-19, 35-43).

Contrary to Defendants' contention, actual damages are not limited to the "difference in the market value of the product or service in the condition in which it was delivered and its

market value in the condition in which it should have been delivered" under FDUTPA. (Doc. 7, pg. 7). While FDUPTA does not define "actual damages," the Florida Supreme Court has defined it to include the "amounts necessary to compensate adequately an injured party for losses sustained as the result of a defendant's wrongful or negligent actions." *Bidon v. Dep't of Prof'l Regulation, Fla. Real Estate Comm'n*, 596 So.2d 450, 452 (Fla.1992) (citing *Hanna v. Martin*, 49 So.2d 585 (Fla.1950)) (holding "actual damages" are interchangeable with "compensatory damages")*; see also, Ross v. Gore,* 48 So. 2d 414 (Fla. 1950).

Further, Florida courts have concluded that, for purposes of FDUTPA, "actual damages" include the cost to replace and repair. *Deltona Corp. v. Jannotti*, 392 So.2d 976, 978 (Fla. 1st DCA 1981) (holding that "replacement cost, or restoration rule, should have applied" in a FDUTPA claim for damages) (citing *Keyes v. Shea*, 372 So.2d 493 (Fla. 4th DCA 1979) and *Gory Associated Industries, Inc. v. Jupiter Roofing & Sheet Metal, Inc.*, 358 So.2d 93 (Fla. 4th DCA 1978)). Here, Plaintiff seeks to recover the costs associated with the repair, restoration and/or replacement of surfaces damaged by Defendants' Product. *Deltona Corp.,* 392 So.2d at 978. "[T]he intent of the legislature" is that "FDUTPA be liberally construed to protect the consumer" and "any other interpretation of the statute would defeat" this intent. *Diamond v. Porsch Cars North America, Inc*., 2012 WL 6837916, at *5 (Fla.Cir.Ct., Miami-Dade County, Sept. 28, 2012) (citing *Dorestin v. Howard Imports, Inc*., 45 So.3d 819, 826-830 (Fla. 4th DCA 2011) (holding that there is "no doubt" that part of the "liberal construction" required by the statute is to "construe statutory damage remedies in a way that makes consumers whole for losses caused by fraudulent consumer practices…and provide a genuine remedy to an injured consumer"); *see also, LaFerney v. Scott Smith Oldsmobile, Inc*., 410 So. 2d 534, 536 (Fla. 5th DCA 1982) and *Marshall v. W&L Enters. Corp.* 360 So. 2d 1147, 1148 (Fla. 1st DCA 1978).

Given the intended breadth of "actual damages," this Court should disregard Defendants' narrow definition and apply the Florida Supreme Court's definition, which includes Plaintiff's "replacement cost, or restoration" damages arising from the deceptive trade practice at issue. *Deltona Corp.,* 392 So.2d at 978.

While FDUTPA may not apply to "[a] claim for personal injury or death or a claim for damage to property other than the property that is the subject of the consumer transaction," the damaged property at issue here is, arguably, the "subject of the consumer transaction." § 501.212(3), Fla. Stat. (2011). Plaintiff alleges that Defendants' Product damaged the "hard surfaces" surrounding the area where the Product is meant to be applied and/or used. Significantly, the damages at issue – the staining of hard surfaces – were foreseeable to and addressed by Defendants on the Product packaging. Moreover, the manner in which Defendants addressed the resulting damages is the basis of the alleged misrepresentation at the center of this case. Defendants misrepresented that "sweeping product from hard surfaces into lawn keeps product on the grass and prevents staining." (Doc. 1, ¶¶8, 19). Yet, Plaintiff and putative Class Members suffered such staining, regardless of following Defendants' explicit instructions. Therefore, the stained "hard surfaces" constitute "property that is the subject of the consumer transaction," and the repair or restoration of the resulting damages should not be excluded from relief under FDUTPA.

In sum, Plaintiff has sufficiently pled the three elements required for a viable FDUTPA claim within his Complaint, and is properly seeking relief afforded under the Act, including declaratory and injunctive relief. Accordingly, Defendants' Motion to Dismiss Count One should be denied.

## CONCLUSION

For the reasons set forth above, Plaintiff, James Gregware, on behalf of himself and all others similarly situated, respectfully requests that the Court deny Defendants' Motion to Dismiss Based on Forum Non Conveniens, Motion to Dismiss Count One in its entirety, so that this case may proceed without further delay.

Date: February 21, 2014

>Respectfully submitted,
>
>**MORGAN & MORGAN**
>**COMPLEX LITIGATION GROUP**
>
>/s/ J. Andrew Meyer
>J. Andrew Meyer, Esq. (FBN 0056766)
>Jonathan B. Cohen, Esq. (FBN 0027620)
>201 North Franklin Street, 7th Floor
>Tampa, Florida 33602
>Telephone: (813) 223-5505
>Facsimile:  (813) 222-2434
>E-mail: ameyer@forthepeople.com
>          jcohen@forthepeople.com
>
>*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 21, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

>By:   /s/  J. Andrew Meyer
>        J. ANDREW MEYER, ESQUIRE