UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:13-cv-24581-UU

JAMES GREGWARE, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

THE SCOTTS MIRACLE-GRO COMPANY
& THE SCOTTS COMPANY, LLC,

    Defendants.
_____/

## ORDER OF DISMISSAL

THIS CAUSE is before the Court upon a *sua sponte* examination of the record.

THE COURT has considered the pertinent portions of the record and is otherwise fully advised in the premises.

On December 20, 2013, Plaintiff filed his Complaint and alleged that this Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), as the amount in controversy, exclusive of interest and costs, exceeds the sum of $5,000,000 and is a class action where the members of the class action are citizens of a state different from Defendants.  (Compl. ¶ 5.)  On October 20, 2014, the Court denied Plaintiff's Motion for Class Certification and ordered Plaintiff to show cause by October 29, 2014, why this Court still has subject matter jurisdiction over this action.  D.E. 45 & 46.  On October 29, 2014, Plaintiffs submitted his response to the Order to Show Cause but did not inform the Court whether the amount in controversy exceeds $75,000.  D.E. 47.  Instead, Plaintiff argues that this Court's denial of

class certification does not destroy subject matter jurisdiction because it should be treated as a change in jurisdictional facts and such a change does not affect jurisdiction.

      This Court disagrees. In *Walewski v. Zenimax Media, Inc.*, the Eleventh Circuit addressed a very similar situation in which the district court had dismissed an action upon denial of class certification. 502 F. App'x 857, 862 (11th Cir. 2012). There, the Eleventh Circuit reasoned that absent class certification the district court no longer had subject matter jurisdiction over the Plaintiff's individual claim because the amount in controversy did not exceed $75,000. *Id.*; *See also Karhu v. Vita Pharms., Inc.*, 13-60768-CIV, 2014 WL 1274119, at *2-6 (S.D. Fla. Mar. 27, 2014) (dismissing action after denial of class certification based on lack of subject matter jurisdiction); *Clausnitzer v. Fed. Express Corp.*, 621 F. Supp. 2d 1266, 1268-70 (S.D. Fla. 2008) (same). The Eleventh Circuit did not treat the denial of class certification as a mere change in jurisdictional facts; but rather as an event that divests the court of jurisdiction if the Plaintiff is no longer able to meet the amount in controversy. Plaintiff alleges that the only damages he suffered are the rust-like stains to his hard surfaces on his real property. He has not provided the Court with any information showing that his damages exceed $75,000 and for that reason, this Court lacks subject matter jurisdiction.

      Plaintiff purchased Scotts Green Max Lawn Fertilizer Plus 5.17% Iron for Deep Greening on June 1, 2013, Compl. ¶ 2, and the statute of limitations for his breach of express warranty claim is five years, *see* Fla. Stat. § 95.11(2)(b); *Mayor's Jewelers, Inc. v. Meyrowitz*, 12-80055-CIV, 2012 WL 2344609, at *3 (S.D. Fla. June 20, 2012) (finding that, under Florida law, the statute of limitations for breach of warranty claims is 5 years); *Potiker v. Gasiunasen Gallery*, 09-82356-CIV, 2010 WL 2949943, at *1 (S.D. Fla. July 26, 2010) (same). As the statute of limitations has not expired for

Plaintiff's claim, the Court will dismiss this action without prejudice so that Plaintiff may refile his claim in the appropriate state court if he so chooses. Accordingly, it is hereby,

ORDERED AND ADJUDGED that the Complaint, D.E. 1, is DISMISSED WITHOUT PREJUDICE. It is further

ORDERED AND ADJUDGED that for administrative purposes this case is hereby CLOSED and all pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this _30th__ day of October, 2014.

*Ursulaungaro*

URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record